# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| CATRISHA MICKLE, § | |
| INDIVIDIALLY AND ON BEHALF OF § | |
| ALL THOSE SIMILARLY SITUTATED § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO: 1:19-CV-00044-MAC |
| v. § | |
| § | |
| SAGORA SENIOR LIVING, INC. § | |
| § | |
| Defendant. § | |
| § | |

## DEFENDANT'S RULE 12(B)(3) MOTION TO TRANSFER OR DISMISS
## FOR IMPROPER VENUE AND SUPPORTING BRIEF

GREGORY C. ROTA
SBN 24000032
JOSHUA ANDERSON
SBN 24027198
**HORNE ROTA MOOS, LLP**
2777 Allen Parkway, Suite 1200
Houston, Texas 77019-2141
(713) 333-4500
(713) 333-4600 - Facsimile
grota@hrmlawyers.com
janderson@hrmlawyers.com

ATTORNEYS FOR DEFENDANT
SAGORA SENIOR LIVING, INC.

TABLE OF CONTENTS

INDEX OF AUTHORITIES..................................................................................................... ii

I.     FACTUAL BACKGROUND ........................................................................................1

II.    IMPROPER VENUE UNDER 28 U.S.C. § 1391(b) ...…………………………..…... 2

      A.  THE APPLICABLE STANDARD UNDER RULE 12(b)(3) ………………………. 2

      B.  PLAINTIFF'S VENUE ALLEGATIONS ……………………………………….... 3

III.   CONCLUSION AND PRAYER FOR RELIEF…………………………………………… 5

CERTIFICATE OF SERVICE ...................................................................................................7

## INDEX OF AUTHORITIES

**CASES:**

*Perez v. Pan American Life Ins. Co.*,
    70 F.3d 1268, 1995 U.S. App. LEXIS 41289, 1995 WL 696803 (5th Cir. 1995)
    ……………………………………………………………………………….. 3

*Advanced Dynamics Corp. v. Mitech Corp.*,
    729 F.Supp. 519 (N.D. Tex. 1990) ……………………………………………….. 3

*Ross v. Digioia*,
    2012 U.S. Dist. Lexis 2748, at *5 (E.D. La. January 10, 2012) ...………………….......  3

*Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*,
    536 F.3d 439, 441, 449 (5th Cir. 2008) ……………………………………….…….. 3

*Ross v. Digioia*,
    2012 U.S. Dist. Lexis 2748, at *8 at, 2012 WL 72703, at *3..………………………... 4

*McClintock v. School Bd. of East Feliciana Parish*,
    299 Fed. App'x 363, 365 (5th Cir. 2008) ………………………………………………  4

*Gulf Ins. Co. v. Glasbrenner*,
    417 F.3d 353, 357 (2d Cir. 2005) ……………………………………………….....  4,5

*Jolie Design & Décor, Inc. v. BB Frosch, LLC*,
    2018 U.S. Dist. Lexis 11339 (E.D. La. January ,018)…………………………...…  4

*BNSF R. Co. v. Tyrrell*,
    137 S. Ct. 1549, 1558-59, 198 L. Ed. 2d 36 (2017)…………………..…………….. 5

*Miller Masonry, Inc. v. EMB Quality Masonry*, LLC,
    2014 U.S. Dist. LEXIS 148828, at *8-9 (E.D. La. October 20, 2014) …………..…….. 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| CATRISHA MICKLE,<br>INDIVIDIALLY AND ON BEHALF OF<br>ALL THOSE SIMILARLY SITUTATED<br><br>Plaintiff,<br><br>v.<br><br>SAGORA SENIOR LIVING, INC.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO: 1:19-CV-00044-MAC |

**DEFENDANT'S RULE 12(B)(3) MOTION TO TRANSFER OR DISMISS
FOR IMPROPER VENUE AND SUPPORTING BRIEF**

Defendant Sagora Senior Living, Inc. hereby files this motion pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and respectfully requests that the Court transfer this suit to the United States District Court for the Southern District of Texas or, in the alternative, the United States District Court for the Northern District of Texas or dismiss this suit for improper venue and in support of this request would show as follows:

**I.
FACTUAL BACKGROUND**

This is a putative class action and/or collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and Texas common law (quantum meruit). (Complaint at ¶ 1). Defendant Sagora Senior Living, Inc. ("Sagora") is a Texas corporation with its principal place of business in Fort Worth, Texas. Sagora operates senior living facilities in five states but its primary human resources, payroll, accounting and all central business functions are performed in Fort Worth.

4

Sagora operates facilities in Alabama, California, Florida, Oklahoma, and Texas. (*See* Exhibit "A"). In Texas, Sagora operates twenty-five senior living centers. Only one of those facilities is located in the Eastern District of Texas. (*See id.*). That facility, Lynridge, is located at 304, W. FM 544, Murphy, Texas 75094 in the Sherman Division of the Eastern District. Other than the Lynridge location, Sagora does not operate within the Eastern District of Texas and does not employ any employees within the Eastern District of Texas. (*See id.*).

Plaintiff works for Sagora at Landon Ridge Kingwood ("Kingwood"). (*See id.*). While employed by Sagora, Plaintiff never worked at any facility other than Kingwood. Kingwood is located at 24025 Kingwood Place Drive, Kingwood, Texas 77339 in Montgomery County, Texas. Plaintiff resides at 530 International Village, Humble, Texas 77338 in Harris County, Texas. (*See id.*). Both Kingwood and Plaintiff's residence are located in the Houston Division of the Southern District of Texas. (*See id.*).

## II.
## PLAINTIFF HAS FILED IN AN IMPROPER VENUE UNDER 28 U.S.C. § 1391(b)

### A. The Applicable Standard under Rule 12(b)(3).

A motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) requires a district court to determine whether venue is supported by the federal venue statute, 28 U.S.C. § 1391. If venue is not supported by 28 U.S.C. § 1391, then "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Once a defendant has raised the improper venue issue by motion, the plaintiff bears the burden to establish that the district she chose is the proper venue. *Perez v. Pan American Life Ins. Co.*, 70 F.3d 1268, 1995 U.S. App. LEXIS 41289, at *6, 1995 WL 696803 (5th Cir. 1995)

(citing *Advanced Dynamics Corp. v. Mitech Corp.*, 729 F.Supp. 519 (N.D. Tex. 1990) ("When an objection to venue has been raised, it is the Plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought."); *accord Ross v. Digioia*, 2012 U.S. Dist. Lexis 2748, at *5 (E.D. La. January 10, 2012). Rule 12(b)(3) permits the Court to look at all evidence in the record beyond simply those facts alleged in the complaint and its proper attachments. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441, 449 (5th Cir. 2008).

    B. **Plaintiff's Venue Allegations.**

Plaintiff relies on 28. U.S.C. § 1391(b) for its jurisdictional allegations. Section 1391(b) states as follows:

> (b)Venue in General.—A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff asserts that venue is proper in the Eastern District of Texas because Sagora "maintained a working presence throughout this District and Division" and because "Mickle performed work for Sagora in this District and Division." Plaintiff contends that this combination of factual allegations suffices for the purpose of demonstrating that "a substantial part of the events or omissions giving rise to the claim occurred." (Complaint at ¶¶ 18-20). Thus, Plaintiff relies solely upon Section 1391(b)(2) for her venue allegations.

"To be a proper venue under Section 1391(a)(2), the chosen venue does not have to be the place where the most relevant events took place, but the selected district's contacts still must

6

be substantial." *Ross*, 2012 U.S. Dist. Lexis 2748, at *8, 2012 WL 72703, at *3 (citing *McClintock v. School Bd. of East Feliciana Parish*, 299 Fed. App'x 363, 365 (5th Cir. 2008) (holding that venue was improper because "no events, let alone a 'substantial part of the events' occurred in the chosen district")). In *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005), the Second Circuit cautioned courts "to take seriously the adjective 'substantial'" and . . . "to construe the venue statute strictly." Accordingly, "for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question . . . ." *Id.*; *accord Jolie Design & Décor, Inc. v. BB Frosch, LLC*, 2018 U.S. Dist. Lexis 11339 (E.D. La. January 24, 2018).

In the present case, absolutely nothing occurred between the parties within this District, much less anything substantial that gave rise to Plaintiff's claims. In fact, Plaintiff has not accurately pleaded the occurrence of a single event or omission giving rise to her claims that occurred within the Eastern District. Plaintiff does not and has not ever worked for Sagora in this District; nor does she live in this District. (*See* Exhibit "A").

Moreover, the fact that Sagora operates a single facility in this District, one at which Plaintiff never worked, cannot support venue under § 1391(b). First, the presence of this facility would not even satisfy the threshold of minimum contacts under a general jurisdiction analysis. *See BNSF R. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558-59, 198 L. Ed. 2d 36 (2017). Second, the substantial part test requires a more significant relationship to the forum than is required by the minimum contacts test of personal jurisdiction and presupposes a connection between the contacts and the claim brought by the plaintiff. *See Glasbrenner*, 417 F.3d at 357 ("It would be error, for instance, to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries."); *accord Miller Masonry, Inc. v. EMB*

*Quality Masonry*, LLC, 2014 U.S. Dist. LEXIS 148828, at *8-9 (E.D. La. October 20, 2014). Given the absence of any connection between the Lynridge facility in the Sherman Division and the claim asserted by Plaintiff, the presence of that facility clearly does not place venue in this Court.

Given that venue is improper in this District, Defendant respectfully requests that the Court either dismiss this suit for improper venue or transfer the suit. Should the Court decide to transfer the suit, Defendant requests a transfer to the Southern District of Texas. Plaintiff resides in the Southern District of Texas. The facility at which Plaintiff worked is located in the Southern District of Texas. Accordingly, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District and the majority of witnesses reside there as well. Alternatively, because Sagora's principal place of business is in the Northern District, venue is also proper in the Northern District of Texas.

### III.
### CONCLUSION AND PRAYER FOR RELIEF

Since Plaintiff has filed this suit in an improper venue in the Eastern District of Texas, Defendant respectfully requests that the Court either dismiss this suit for improper venue or transfer this suit to United States District Court for the Southern District of Texas or, alternatively, the United States District Court for the Northern District of Texas.

Respectfully submitted,

**HORNE ROTA MOOS, LLP**

BY:   */s/ Gregory C. Rota*
     GREGORY C. ROTA
     SBN 24000032
     JOSHUA ANDERSON
     SBN 24027198
     2777 Allen Parkway, Suite 1200
     Houston, Texas 77019-2141
     (713) 333-4500
     (713) 333-4600 - Facsimile
     grota@hrmlawyers.com
     janderson@hrmlawyers.com

ATTORNEYS FOR DEFENDANT
SAGORA SENIOR LIVING, INC.

## **CERTIFICATE OF SERVICE**

   I hereby certify that on March 14, 2019, I electronically filed the foregoing *Defendant's Rule 12(b)(3) Motion to Transfer or Dismiss for Improper Venue and Supporting Brief*, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

| | |
|---|---|
| Clif Alexander | *Via CM/ECF: clif@a2xlaw.com* |
| Austin Anderson | *Via CM/ECF: austin@a2xlaw.com* |
| Lauren E. Braddy | *Via CM/ECF: lauren@a2xlaw.com* |
| Alan Clifton Gordon | *Via CM/ECF: cgordon@a2xlaw.com* |
| Carter T. Hastings | *Via CM/ECF: carter@a2xlaw.com* |
| George Shimmel | *Via CM/ECF: geordie@a2xlaw.com* |

**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401

ATTORNEYS FOR PLAINTIFF

              */s/ Gregory C. Rota*
              GREGORY C. ROTA